# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAUDE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DELAWARE TECHNICAL AND COMMUNITY COLLEGE, JODY HUBER (in her official and individual capacity), and ELIZABETH O. GROLLER (in her official capacity only) | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

C.A. No.: 24-0762-CFC

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendants Delaware Technical and Community College ("DTCC"), Jody Huber ("Huber") and Elizabeth O. Groller, Esq. ("Groller," together with Huber and DTCC, "Defendants") hereby oppose Plaintiff's filing, styled as a Clerk's Entry of Default. (D.I. 6.) The grounds for the Defendants' Opposition are set forth below:

### Nature and Stage of Proceedings

1. Plaintiff Claude Thomas ("Plaintiff") initiated this action by filing an unsigned complaint on June 26, 2024 (the "Initial Complaint"). (D.I. 1.)

2. On June 28, 2024, the Court docketed a deficiency notice, informing Plaintiff that the Initial Complaint did not conform to Federal Rule of Civil Procedure 5, and Local Rules 5.2(b) and/or 5.3, and that "no action will be taken by

the Court until the discrepancies are corrected." (D.I. 3.)

3. Plaintiff filed a signature page (in combination with the Initial Complaint, the "Operative Complaint") on July 11, 2024. (D.I. 4.)

4. On August 2, 2024, Plaintiff filed an "Affidavit of Service" indicating that service had been affected on an individual named Angelita Mosley on June 28, 2024. (D.I. 5.)

5. Simultaneously, Plaintiff filed a document styled a Clerk's Entry of Judgment without any motion or argument setting forth for the Court or the captioned Defendants the basis for the requested entry of default. (D.I. 6.)

6. As of the date of this Opposition, neither the Initial Complaint nor the Operative Complaint has been properly served on any Defendant.

## Summary of the Argument

7. As set forth in more detail below, the Court should dismiss Plaintiff's apparent request for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(a) because (i) Plaintiff has not properly served any of the Defendants; (ii) to the extent Plaintiff attempted service on DTCC on June 28, 2024, DTCC was not served with a copy of the Operative Complaint, which was not filed on the docket until July 11, 2024, (iii) because none of the Defendants has been served with the Operative Complaint, any request for entry of default is premature; and (iv) even if any request for default were timely, Plaintiff cannot meet the standard for default set

2

forth in Federal Rule of Civil Procedure 55(a).

## ARGUMENT

8. Motions for default judgment brought pursuant to Federal Rule of Civil Procedure 55(a) are only permitted "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . ." Fed. R. Civ. P. 55(a).

9. The Court should consider three factors in determining whether to grant a motion for default judgment: "(1) prejudice to the plaintiff [. . .], (2) whether the defendant appears to have litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Hurst v. City of Rehoboth Beach*, No. CIV.A. 03-362-KAJ, 2005 WL 823867, at *3 (D. Del. Mar. 31, 2005) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

10. Rule 55 presumes, as a predicate, that a complaint be properly served on the parties to whom the plaintiff seeks redress. *Harry & David v. J & P Acquisition, Inc.*, 865 F. Supp. 2d 494, 500 (D. Del. 2011) ("'Proper service is crucial in cases such as this one, in which a default judgment has been entered, since proper service commences the running of the time period which forms the basis of the default.'") (citation omitted).

11. Until a complaint is served pursuant to the Federal Rules of Civil Procedure, a default judgment under Rule 55(a) cannot properly be sought. *Id*. ("'In

the "sensitive area" of default judgments, procedural requirements are strictly construed.'") (citation omitted); *Shomide v. ILC Dover LP*, No. CIV. 03-1019-SLR, 2006 WL 2042969, at *5 (D. Del. July 20, 2006) ("A default judgment may not be entered against a defendant that has not been properly served with the summons and complaint.").

## I. No Defendant Has Been Properly Served

12. Defendants maintain that none of them have been properly served as of the date of this Opposition.

13. Regarding Huber and Groller, Plaintiff does not contend, nor does the docket reflect, any effort to serve either individual.

14. And, indeed, Huber and Groller deny having been served with a copy of the Initial Complaint or the Operative Complaint. *See* Exhibits A & B.

15. Plaintiff's Affidavit of Service asserts that a copy of the Initial Complaint was served on DTCC Senior Legal Counsel Darryl A. Parson, Esq., but a review of the filing reflects that any paperwork was *actually* served on Angelita Mosley, an employee in DTCC's Human Resources department.

16. As a threshold matter, it does not appear that any papers served on Angelita Mosley include a summons, as Federal Rule of Civil Procedure 4(b) requires. Nor does the docket reflect that Plaintiff has requested, or that the Court has issued, a summons to any of the Defendants.

17. Further, Rule 4(j)(2) provides that to serve a state, a municipal corporation, or any other state-created governmental organization, service may only be affected by serving a copy of a summons and complaint on the entity's "chief executive officer" or "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

18. DTCC is a public college created by Delaware Code and designated by law as a state agency. 14 *Del. C.* § 9102. *See generally* 14 *Del. C.* ch. 91.

19. Both Huber and Groller are named in their official capacity. (D.I. 1.)

20. A suit against a public employee in their official capacity is tantamount to naming the employing entity. *Beckett v. Dep't of Corr. of the State of Del.*, 981 F. Supp. 319, 322 n.5 (D. Del. 1997) (citation omitted).

21. Consequently, Plaintiff must serve both Huber and Groller, in their official capacity, pursuant to Rule 4(j)(2).

22. Notably, even if service had been affected on Senior Legal Counsel Darry A. Parson, Esq.—which it was not (D.I. 5)—Mr. Parson is not DTCC's chief executive officer, and service upon him is therefore insufficient pursuant to Rule 4(j)(2) with respect to all three Defendants.

23. Further, Delaware law provides that for service to be complete to any State agency or State employee "concerning any matter arising in connection with the exercise of his or her official powers or duties," service must also be affected

"upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General." 10 *Del. C.* § 3103(c).

24. Because Plaintiff has not attempted to serve a summons and the Operative Complaint on the Attorney General, the State Solicitor, or the Chief Deputy Attorney General, service as to all Defendants is insufficient. *Saunders v. Connections Cmty. Support Programs*, No. CV 20-184 (MN), 2020 WL 6261638, at *5 (D. Del. Oct. 23, 2020); *Fasano v. Delaware, Nat. Res. & Env't Control, Div. of Parks & Recreation*, No. CV 22-1329-SRF, 2024 WL 1366841, at *3 (D. Del. Apr. 1, 2024) ("It is well established that the requirement for service of process on the Attorney General, the Chief Deputy Attorney General, or the State Solicitor under 10 *Del. C.* § 3101(c) is in addition to, not in lieu of, service of process on the defendants . . . .")

## II. DTCC Was Served a Copy of the Non-Conforming Initial Complaint, Not the Signed Operative Complaint

25. Even if DTCC had been properly served—which it was not—it was served a copy of the Initial Complaint, which the Court found non-conforming. (D.I. 3.)

26. More specifically, Plaintiff's Initial Complaint was not signed, as required by Federal Rule of Civil Procedure 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

6

27. Until Plaintiff submitted a signed copy of the Operative Complaint, a valid pleading could not be served on DTCC. *See* Fed. R. Civ. P. 11(a); *Abdalla v. Deo*, No. CV 18-17077 (RMB), 2019 WL 1440493, at *1 (D.N.J. Mar. 29, 2019) (administratively dismissing an unsigned complaint pursuant to Rule 11(a)).

28. Consequently, the copy of the Initial Complaint that was allegedly left with Ms. Angelita Mosley did not constitute service of a valid pleading under the Federal Rules of Civil Procedure or the Court's Local Rules.

### III. Plaintiff Cannot Satisfy the Burden for Relief Under Rule 55(a)

29. Finally, even if DTCC had been properly served with a copy of the Operative Complaint, the Court should deny the Plaintiff's request for entry of default because it fails to meet the standard for an award of relief under Federal Rule of Civil Procedure 55(a).[1]

30. In considering a motion pursuant to Rule 55(a), the Court will evaluate three factors: "(1) prejudice to the plaintiff [. . .], (2) whether the defendant appears to have litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Hurst*, 2005 WL 823867, at *3.

---

[1] To the extent that Plaintiff seeks entry of a default by the Clerk, pursuant to Rule 55(b)(1), his request is further deficient because entry by the Clerk is only appropriate where the "claim is for a sum certain or a sum that can be made certain by computation," and is supported by "an affidavit showing the amount due . . ." Fed. R. Civ. P. 55(b)(1).

### A. Plaintiff Has Not Identified Any Prejudice to Him

31. As to the first factor, Plaintiff has not alleged and cannot allege that he has been prejudiced due to the actions of Defendants.

32. Defendants have not failed to timely act—they were never properly served. And even if they had been, there has been no undue delay in responding to the Operative Complaint.

33. This Court has expressed a strong preference in favor of resolving claims on the merits rather than technicalities. *Hurst*, 2005 WL 823867, at *3 (citing *Jorden v. National Guard Bureau*, 877 F.2d 245, 251 (3d Cir. 1989) (other internal citations omitted).

34. Consequently, to the extent that the Court finds that any of the Defendants have been properly notified of the claims against them—an allegation that Defendants vehemently deny—they should be permitted the opportunity to respond on the merits through an Answer and/or Motion to Dismiss.

### B. Defendants Have Litigable Defenses

35. As to the second factor, Defendants have litigable defenses based on Plaintiff's factual allegations as well as procedural deficiencies in the Operative Complaint.

36. These defenses are sufficient to vindicate Defendants completely.

37. As noted above, the Court should determine this matter on the merits

and deny Plaintiff's request for a default.

### C. Any Delay Is Not Due to Culpable Conduct on the Part of Defendants

38. The Plaintiff's request for relief similarly fails on the third factor.

39. The Third Circuit has defined "culpable conduct" as conduct that is "taken willfully or in bad faith." *Hurst*, 2005 WL 823867, at *3 (citing *Chamberlain*, 210 F.3d at 164).

40. Defendants have not delayed this action and have always acted in conformity with the Federal Rules of Civil Procedure.

41. Plaintiff does not allege, nor could he, that Defendants have acted willfully or in bad faith, where Plaintiff himself has failed to meet his obligations under the Federal Rules of Civil Procedure and Delaware law to properly serve Defendants with copies of the Operative Complaint and valid summonses.

42. In addition to the service requirements imposed by Federal Rule of Civil Procedure 4, because Plaintiff is serving a State agency and two State employees accused of misconduct in their official capacity, Plaintiff must also serve the Delaware Attorney General, State Solicitor, or the Chief Deputy Attorney General. *See* 14 *Del. C.* § 9102; 10 *Del. C.* § 3103(c).

43. With respect to Huber and Groller, there is no evidence in the record that Plaintiff has made any effort to obtain summonses or serve either individual pursuant to Rule 4. *See* Fed. R. Civ. P. 4(b) ("A summons – or copy of a summons

that is addressed to multiple defendants – must be issued for each defendant to be served").

44. With respect to DTCC, Plaintiff directed service to Darryl Parson, Esq., but the docket reflects that Plaintiff actually served Angelita Mosley. Neither individual is the chief executive officer of DTCC.

45. Further, Plaintiff has made no effort to serve the State as required by 10 *Del. C.* § 3103(c). *See Seawright v. Williams*, No. 05-576-KAL, 2006 WL 1687764 (D. Del. June 15, 2006); *Fieni v. Townsend*, 221 F. Supp. 3d 528 (D. Del. 2016); *Saunders v. Connections Cmty. Support Programs*, No. CV 20-184 (MN), 2020 WL 6261638 (D. Del. Oct. 23, 2020); *Grossnickle v. Connections Cmty. Support Programs, Inc.*, No. 1:21-CV-00715-SB, 2022 WL 19370799 (D. Del. Jan. 28, 2022), *appeal dismissed*, No. 22-1361, 2023 WL 2770818 (3d Cir. Apr. 4, 2023).

46. Therefore, Defendants have caused no delay, much less engaged in culpable conduct.

## **CONCLUSION**

47. For all of these reasons, Defendants respectfully request this Court deny Plaintiff's filing, styled as a Clerk's Entry of Default, which Defendants understand to be a request for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a).

POTTER ANDERSON & CORROON LLP

By: */s/ Lauren E.M. Russell*
Lauren E.M. Russell (#5366)
Elizabeth R. Schlecker (#6913)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
(302) 984-6000
lrussell@potteranderson.com
eschlecker@potteranderson.com

Dated: August 21, 2024                *Attorneys for Defendants*