## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLAUDE THOMAS,                              )
                                           )
            Plaintiff,                      )
                                           )
     v.                                     )
                                           )
                                           )   C.A. No.:  24-0762-CFC
DELAWARE TECHNICAL AND                      )
COMMUNITY COLLEGE, JODY                     )
HUBER, AND ELIZABETH O.                     )
GROLLER,                                    )
                                           )
            Defendants.                     )

## DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11

Pursuant to Federal Rule of Civil Procedure 11(c)[1], Defendants Delaware

Technical and Community College, Jody Huber, and Elizabeth O. Groller, Esq.

(collectively, "Defendants") hereby move this Court for an order denying Plaintiff's

pending motions as identified herein and the award of fees in preparing this motion

(the "Motion") because Plaintiff has inappropriately used artificial intelligence

("AI") in the preparation of filings, which use has generated: (1) incorrect citations;

(2) non-existent quotations; or (3) authorities that do not stand for the propositions

cited.  The grounds for the Defendants' Motion are set forth in detail below:

---

[1]  While Defendants recognize Rule 11's limitations with regard to discovery motions, Defendants are not contesting Plaintiff's substantive responses to discovery but are instead contesting the legal authorities cited in Plaintiff's motions. *See* Fed. R. Civ. P. 11(d).  Therefore, Defendants believe that Rule 11 is the appropriate basis under which to seek relief for the matters addressed herein, as opposed to Rule 37.

## I.      Factual and Procedural History

### A.      Pleadings and Dispositive Motion Briefing

1.      This matter was initiated on June 27, 2024, when Plaintiff Claude Thomas ("Plaintiff") filed his initial complaint.  (D.I. 1.)

2.      Plaintiff filed his First Amended Complaint for Employment Discrimination on November 8, 2024.  (D.I. 13.)

3.      Defendants timely answered and contemporaneously filed a Motion to Dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 14-16.)

4.      On January 3, Plaintiff filed his response to Defendants' Motion to Dismiss.  (D.I. 18.)

5.      On January 10, Defendants filed their Reply in Further Support of Their Motion to Dismiss.  (D.I. 22.)  In their Reply, Defendants pointed to multiple instances in which Plaintiff's case citations did not correspond with the case name, and/or the proposition cited.  (D.I. 22, n.3.)

6.      On January 30, without leave of the Court, Plaintiff filed a sur-reply to the Motion to Dismiss.  (D.I. 25.)  Plaintiff did not address the inaccurate case citations and related deficiencies raised in Defendants' Reply Brief.

### B.      The Parties' Discovery and Related Motion Practice

7.      While briefing on Defendants' Motion to Dismiss progressed, the Court

2

entered a Scheduling Order and the parties began discovery.  (D.I. 17.)

8.    Defendants served their First Set of Interrogatories Directed to Plaintiff and First Set of Requests for Production of Documents Directed to Plaintiff on January 9, 2025.  (D.I. 19-20.)

9.    On January 30, Plaintiff filed a series of objections to Defendants' discovery requests, in effect seeking a protective order pursuant to Federal Rule of Civil Procedure 26.  (D.I. 23-24.)

10.    On April 4, 2025, Plaintiff filed five documents with the Court, including three discovery motions and two replies to Defendants' written responses to Plaintiff's discovery requests, which effectively sought to compel certain discovery and impose sanctions pursuant to Federal Rule of Civil Procedure 37. (D.I. 37-41.)

11.    On April 11, Plaintiff filed three more documents with the Court: (1) a request for issuance of subpoenas (D.I. 44), (2) a motion seeking appointment of legal counsel (D.I. 45), and (3) a reply in support of his motion to extend the discovery deadlines (D.I. 46).

12.    On the eve of Plaintiff's deposition, Plaintiff filed a motion seeking a stay of discovery pending his acquisition of legal counsel (D.I. 47) and a motion for an emergency hearing on his pending motions (D.I. 48).

13.    In reviewing Plaintiff's numerous filings, Defendants' counsel began

3

to suspect the use of AI, in light of the numerous erroneous legal citations identified in Plaintiff's filings.  A summary of the issues identified by defense counsel is attached hereto as Exhibit A.

14.    On April 15, 2025, during his deposition, Plaintiff confirmed that he had used AI to prepare multiple filings submitted to this Court.  Exhibit B (Pltf. Dep. Tr. 229:18-21 ("Q. Thank you. And finally, have you used AI artificial intelligence in preparation for any of the filings you have made with the Court? A: Yes.")).

15.    On April 21, 2025, Plaintiff filed the following two motions requesting relief related to his deposition:  (i) Motion for Post-Deposition Protective Order (D.I. 50) and (ii) the Motion for Reconsideration and Relief from Deposition Proceedings (D.I. 51).  Notably, in the Motion for Post-Deposition Protective Order, Plaintiff admits to using "artificial intelligence tools and other internet resources to assist in case preparation . . . ."  (D.I. 50, ¶ 9.)

16.    On April 23, pursuant to Rule 11(c)(2), Defendants served a draft of this Motion, with Exhibits, upon Plaintiff to provide Plaintiff with the opportunity to withdraw or appropriately correct the filings identified herein.[2]

---

[2] On May 12, 2025, Plaintiff filed Plaintiff's Notice of Correction Regarding Citations (the "Notice," D.I. 62).  The Notice addresses four of the 59 problematic citations addressed in Exhibit A to this Motion.  While Plaintiff notes in the Notice that "a complete withdrawal and refiling of eleven separate motions within 21 days would impose an undue burden on Plaintiff . . ." Plaintiff certainly found time to prepare and file seven submissions to the Court on May 12, 2025, which is within the 21-day safe-harbor provision provided by Rule 11.  (D.I. 58-64.)  At no time did

## II.     Argument

17.     Rule 11(b) provides that "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . : (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ." Fed. R. Civ. P. 11(b).

18.     "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule . . . ." Fed. R. Civ. P. 11(c)(1). Sanctions can include financial penalties paid to the Court, costs and attorneys' fees incurred as a result of the non-movant's misconduct, and non-monetary remedies such as limitations on future filings.  Fed. R. Civ. P. 11(c)(2) & (4).

### A.     Plaintiff's Motions Contain Misleading and Inaccurate Citations

19.     Plaintiff failed to ensure the accuracy of material prepared with AI and submitted to the Court, signed motions containing inaccurate authorities in violation of Rule 11(b).  Consequently, sanctions under Rule 11 are appropriate.

20.     Since Defendants' Reply in Support of their Motion to Dismiss, in

---

Plaintiff contact defense counsel seeking additional time to address the concerns raised in this Motion.

which Defendants first raised concerns regarding the accuracy of Plaintiff's filings, Defendants have identified at least 10 filings submitted by Plaintiff containing numerous inaccurate case citations, fictitious quotations, or other hallucinated propositions of law.  (*See* Ex. B.)

21.    As just one example, in Plaintiff's Motion for Emergency Hearing on Pending Motions (D.I. 48), Plaintiff cited to and quoted "*MicroStrategy Inc. v. Acacia Research Corp.*, No. CV 17-1147-RGA, 2018 WL 1756665, at *2 (D. Del. Apr. 12, 2018)" for the factors courts consider in determining whether to expedite proceedings.[3]  Plaintiff relied on these factors in his argument throughout the Motion for Emergency Hearing.  However, this citation is not associated with the case cited. Defendants' counsel then searched for the case number provided, in CM/ECF.  The case number, 17-1147-RGA, is not only not a Judge Andrews case, but the case

---

[3] The alternate cases cited by Plaintiff in the Notice are inapposite, as they relate to the standard applied in evaluating motions to expedite discovery.  *Flatiron Crane Operating Co., LLC v. Adkins*, No. 5:23-CV-02396-JMG, 2023 WL 4565470, at *3 (E.D. Pa. July 17, 2023) ("The "prevailing approach" in the Third Circuit is to apply the "good cause" or "reasonableness standard" when deciding a motion to expedite discovery."); *Chubb INA Holdings Inc. v. Chang*, No. CV162354FLWDEA, 2016 WL 3470291, at *3 (D.N.J. June 24, 2016) ("By way of the instant motion, Plaintiff seeks to expedite certain discovery.").  Plaintiff's motion sought the *opposite* relief: an expedited hearing to stay discovery and otherwise disrupt the progress of this case toward final resolution.    Plaintiff additionally cites *Delaware Sportsmen's Association v. Delaware Department of Safety & Homeland Security*, 108 F.4th 194 (3d Cir. 2024), as "reaffirming the Winter four-factor test in the Third Circuit for preliminary injunctions and expedited proceedings."  (D.I. 62, at 3.)  However, Plaintiff is not seeking a preliminary injunction or expedited proceedings, merely a single expedited hearing.

name is also incorrect:  the civil action number identified relates to a matter captioned *Landrum v. Bristol-Myers Squibb Company et al.*  In short, Plaintiff's entire Motion for Emergency Hearing is founded on an unknown, unsubstantiated set of factors.

22.     Similarly, in Plaintiff's Motion for Stay of Discovery Pending Acquisition of Counsel (D.I. 47), Plaintiff cited to "*Jaguar Sport-Line Corp. v. Telatar Distrib. Inc.*, 42 F.R.D. 676 (D. Del. 1967)" for the proposition that "[t]he District of Delaware has previously recognized that stays of discovery may be appropriate when a party is seeking to secure counsel" and that in *Jaguar-Sports Line Corp.* the court "grant[ed] additional time to secure counsel and prepare for litigation."[4]  This citation also is not associated with the case cited nor is it a case from this Court.  Instead, the citation relates to a decision from the United States District Court for the District of Minnesota, Third Division.  *See Meter for & on Behalf of N. L. R. B. v. Minnesota Min. & Mfg. Co.*, 42 F.R.D. 663 (D. Minn. 1967).

---

[4] The alternate cases cited by Plaintiff in the Notice are, again, inapposite.  None addresses a stay in the context of a party seeking counsel. *Washington v. Wilson*, No. CV 22-749 (KMW/EAP), 2024 WL 4615680, at *2 (D.N.J. Oct. 30, 2024) (granting a limited stay of discovery where one defendant died during the pendency of litigation); *Xinuos, Inc. v. Int'l Bus. Machines Corp.*, No. CV 2021-31, 2022 WL 1224445, at *4 (D.V.I. Apr. 26, 2022) (granting defendants' motion to stay discovery pending resolution of a motion to transfer venue); *Golden v. Banco Popular de Puerto Rico*, No. CV 2020-95, 2022 WL 1202428, at *3 (D.V.I. Apr. 22, 2022) (denying motion to stay discovery pending disposition of defendant's motion to dismiss).

Plaintiff again relied upon a holding, purportedly from this Court, that does not exist.

23. A complete recitation of all citation issues that Defendants have identified in docket items 25 through 48 is set forth in Exhibit A. In preparing Exhibit A, counsel were conservative in the inclusion of erroneous citations—where citations or quotations were not clearly erroneous, they were omitted. In light of the numerous errors and inaccuracies, it is clear that Plaintiff has violated Rule 11(b) by failing to verify the material produced by AI, and that sanctions are warranted.

**B.    Although Plaintiff is *Pro Se*, His Use of AI Is Not Excused**

24. While the Court may make accommodations in recognition of a plaintiff's *pro se* status, unrepresented litigants are still expected to read and comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and applicable Court orders. *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

25. "Although courts 'make some allowances for the *pro se* Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." *RE: Daniel Jaiyong An v. Archblock, Inc.*, No. 2024-0102-LWW, 2025 WL 1024661, at *2 n.14 (Del. Ch. Apr. 4, 2025) (quoting *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ/JMR, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023) (additional citation omitted)).

"Without question, it is improper and unacceptable for litigants—including pro se litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. New York City Dep't of Educ.*, No. 1:24-CV-04232 (JLR), 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024).

26.   While Plaintiff is a *pro se* litigant, he is not a stranger to the federal court system.  Plaintiff has been a plaintiff or defendant in at least four other federal district court cases and should be well equipped to file proper pleadings in this court.

27.   Not only does Plaintiff have personal experience in the court system as a litigant, but Plaintiff has also reminded the Court and Defendants on various occasions that he has held a 30-year-long career in law enforcement prior to his teaching career.  Plaintiff should know, more so than many other *pro se* litigants, how to read, understand, and properly cite a court case, and the importance of making honest and accurate representations to the Court.

28.   Finally, Plaintiff, as a post-secondary educator, should be well aware of the pitfalls of using AI, as he would have to enforce rules related to academic dishonesty in his classroom if his students were to use AI-generated material for their college assignments.

29.   While the use of AI is becoming ubiquitous, it is incumbent upon the user to review all materials and ensure their accuracy before submitting anything to the Court.

**C.** **The Court and Defendants Have Been Harmed by Plaintiff's Conduct**

30.     In a recent decision dealing with a *pro se* litigant's use of AI to prepare filings, Vice Chancellor Will observed that "[q]uite obviously, many harms flow from such deception—including wasting the opposing party's time and money, the Court's time and resources, and reputational harm to the legal system (to name a few.)" *RE: Daniel Jaiyong An v. Archblock, Inc.*, No. 2024-0102-LWW, 2025 WL 1024661, at *2 (Del. Ch. Apr. 4, 2025) (citation omitted).

31.     With respect to his filings to date, Plaintiff has failed to exercise appropriate diligence by checking the citations provided to him by whichever AI tools he is employing. Plaintiff has filed numerous documents with this Court relying on non-existent authorities. This behavior has wasted the Court's time, depriving other litigants of the Court's time and efforts, each time Plaintiff has pursued relief based on fictitious authority. Additionally, Plaintiff has threatened the "reputation of judges and courts whose names are falsely invoked as authors of the bogus opinions," as well as the "reputation of a party attributed with fictional conduct." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023).

32.     Additionally, Defendants have spent numerous hours responding to Plaintiff's misleading motions and cite checking every pleading filed by Plaintiff in this matter, including citations for foundational principles on which counsel would generally rely with little verification.

33.     Therefore, the following motions filed by Plaintiff with this Court, which include fictitious citations, quotes, or inaccurate propositions, should be denied.

- Plaintiff Claude Thomas (Plaintiff)'s Sur-Reply in Opposition to Defendants' Motion to Dismiss (D.I. 25)

- Plaintiff's Reply in Support of Motions for Protective Order (D.I. 32)

- Plaintiff's Motion to Compel Deposition of Defendant Delaware Technical Community College President Mark Brainard (D.I. 38)

- Plaintiff's Motion for Extension of Discovery Deadline (D.I. 39)

- Plaintiff's Response to Defendants' Objections to Requests for Production of Documents (D.I. 40)

- Plaintiff's Response to Defendants' Objections to Interrogatories (D.I. 41)

- Plaintiff's Reply to Defendants' Opposition to Extend Discovery Deadlines (D.I. 46)

- Motion for Stay of Discovery Pending Acquisition of Counsel (D.I. 47)

- Plaintiff's Motion for Emergency Hearing on Pending Motions (D.I. 48)

- Motion for Post-Deposition Protective Order (D.I. 50)

- Motion for Reconsideration and Relief from Deposition Proceedings (D.I. 51)

34.     Additionally, Defendants request that the Court order Plaintiff to pay its attorneys' fees for the time spent responding to each of the motions with fictitious citations, quotes, or propositions, as well as the fees for preparing this Motion.

11

## III.    <u>Conclusion</u>

35.    For the foregoing reasons, Defendants respectfully request that this Motion be granted, the Court deny each motion filed by Plaintiff containing AI-generated, fictitious authorities as set forth in the attached chart, and award costs and attorneys' fees pursuant to a subsequent accounting, as set forth in the [Proposed] Order attached hereto, and award such other relief as the Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

*/s/ Lauren E.M. Russell*

Lauren E.M. Russell (No. 5366)
Elizabeth R. Schlecker (No. 6913)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
Telephone:  (302) 984-6000
Email:  lrussell@potteranderson.com;
         eschelcker@potteranderson.com

*Counsel for Defendants*

Dated:  May 15, 2025

12

12179180v.3