# EXHIBIT A

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| DI 25 Plaintiff Claude Thomas (Plaintiff)'s Sur-Reply in Opposition to Defendants' Motion to Dismiss | | |
| *Berkshire Fashions, Inc. v. M V Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992). | The Third Circuit has held that this standard creates a "strong liberality in allowing amendments." | Quote not found |
| DI 32 Plaintiff's Reply in Support of Motions for Protective Order | | |
| *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). | The Third Circuit in [case] established a heightened standard for admitting prior bad acts evidence, requiring "careful consideration of whether the probative value of evidence of prior bad acts outweighs the prejudicial impact." | Quote not found. |
| *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011) | Courts routinely apply similar standards in civil contexts. [case] (applying Rule 404(b) analysis in a Title VII case). | Proposition not found. |
| *Mims v. Cent. Manufacturers' Mud. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949) | (noting work product protection exists to prevent parties from "obtain[ing] the benefits of the opponent's trial preparation"). | Quote not found. |
| *EEOC v. Sheffield Financial LLC*, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007). | . . . even in cases involving emotional distress claims, discovery should be "limited to records actually related to emotional distress and should not include records involving unrelated medical conditions." | Quote not found.<br><br>The court granted the defendant's motion to compel medical records. |
| *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) | Courts have consistently held that "discovery of prior litigation records in employment cases is generally not permissible unless the defendant establishes a specific relevance to the pending claims." | Quote not found. |
| *Premer v. Coren*, 792 F. Supp. 69, 72 (N.D. Ind. 1992) | (denying discovery of prior litigation where defendant failed to show relevance). | Case not found.<br><br>Citation leads to: *Lincoln Gen. Hosp. v. Nebraska State Educ. Ass'n Health Care Program Plan*, 792 F. Supp. 67, 68 (D. Neb. 1991) |
| *In re Convergent Teats. Sec. Litig.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985) | (rejecting discovery requests that would have "chilling effect" on communications). | Proposition not found. |

1

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| DI 38 Plaintiff's Motion to Compel Deposition of Defendant Delaware Technical Community College President Mark Brainard | | |
| *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008) | The Third Circuit recognizes the "apex doctrine" as a means to protect high-ranking corporate officials from unnecessary depositions. However, this protection is not absolute. [case] (noting that courts consider "(1) whether the executive has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods"). | Quote not found. |
| *Frito-Lay N. Am., Inc. v. Innovative Warehouse Sys., Inc.*, No. 17-140, 2018 WL 2121547, at 3 (E.D. Pa. May 8, 2018) | "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." | Case not found.<br><br>Citation lead to:<br>*Royce v. Laporte*, No. 337549, 2018 WL 2121547 (Mich. Ct. App. May 8, 2018) |
| *United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. 06-3213, 2015 WL 4973626, at 2 (E.D. Pa. Aug. 20, 2015) | (allowing deposition of CEO where he had personal knowledge of the matters at issue). | Incorrect holding. The motion to quash the subpoena of the CEO was granted. |
| *Alvarez v. Ins. Co. of N Am.*, No. 06-4326, 2007 WL 1810113, at 2 (E.D. Pa. June 20, 2007). | The Third Circuit has emphasized that "discovery is to be interpreted broadly to effectuate the general purpose of the Federal Rules: the full disclosure of relevant, non-privileged information." | Case not found. |
| DI 39 Plaintiff's Motion for Extension of Discovery Deadline | | |
| *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) | (acknowledging the "inherent problems that pro se prisoners may have in meeting court-imposed deadlines") | Quote not found. |
| DI 40 Plaintiff's Response to Defendants' Objections to Requests for Production of Documents | | |
| *Haines v. Kerner*, 404 U.S. 519, 520 (1972) | The Third Circuit has consistently held that pro se litigants' filings must be "liberally construed" . . . . | Quote not found. |
| *Hickman v. Taylor*, 329 U.S. 495 (1947) | [T]he Supreme Court recognized the importance of comprehensive discovery in employment disputes. | This is not an employment case. |

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 66 (1986) | the Supreme Court emphasized the critical nature of personnel records in discrimination cases. | Proposition not found. |
| *Borse v. Piece Goods Shops, Inc.*, 963 F.2d 611, 619 (3d Cir. 1992) | The Third Circuit in [case] highlighted that full personnel records are essential to evaluate potential discriminatory practices. | Proposition not found. |
| DI 41 Plaintiff's Response to Defendants' Objections to Interrogatories | | |
| *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); | The Supreme Court has established that pro se pleadings must be "liberally construed" . . . . | Quote not found. |
| *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) | (emphasizing that pro se plaintiffs "are held to a lesser pleading standard than other parties"). | Quote not found.<br><br>Abrogated. |
| *Bowers v. Norfolk S. Corp.*, 537 F.3d 354, 364 (3d Cir. 2008), | the court emphasized the importance of identifying all individuals with potential knowledge of disputed facts to ensure a fair adjudication of claims. | Case not found.<br><br>Citation leads to: *United States v. Saltzman*, 537 F.3d 353 (5th Cir. 2008) |
| *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982). | The Third Circuit has consistently held that a responding party "may not impose on the interrogating party a mass of business records from which the answers cannot be ascertained by a reasonable person." | Exact quote not found. |
| *Abdullah v. Coca-Cola Co.*, No. 06-1787, 2008 WL 2778068, at 3 (E.D. Pa. July 15, 2008) | The court recognized the relevance of comparative discrimination complaints, noting that "prior complaints of discrimination are relevant to show that defendant was on notice" of potential discriminatory practices. | Case not found.<br><br>Citation leads to: *Peggy A. ROHREN, Plaintiff, v. CENTENNIAL PUBLIC SCHOL DISTRICT67-R and Richard Rolenc, In his individual and Official capacity as Maintenance Supervisor, Defendants.*, 2008 WL 2778068 (D.Neb.). |
| *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir. 1992) | [T]he court emphasized the critical nature of comparative evidence in discrimination cases, noting that such evidence may be "the only proof available to a plaintiff to establish a prima facie case." | Quote not found. |

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). | The Third Circuit has held that discovery requests should be interpreted "in accordance with the liberal spirit of the rules of discovery." | Quote not found. |
| DI 46 Plaintiff's Reply to Defendants' Opposition to Extend Discovery Deadlines | | |
| *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) | (recognizing that the volume of materials may justify additional time for review). | Proposition not found. |
| *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980) | Such statements constitute the type of "vexatious or otherwise unreasonable conduct" that courts have found inappropriate in litigation. | Quote not found. |
| *Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) | (finding district court abused discretion in denying extension where voluminous documents were produced late in discovery period) | Incorrect holding. |
| *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). | "courts are to be 'quite liberal" with pro se litigants | Quote not found. |
| *Dag Enterprises, Inc. v. Exxon Mobil Corp*., 226 F.R.D. 95, 106 (D.D.C. 2005). | Courts have held that "counsel's busy schedule generally does not establish good cause for extensions," | Quote not found. |
| DI 47 Motion for Stay of Discovery Pending Acquisition of Counsel | | |
| *GMS Grp., LLC v. Benderson*, 326 F.3d 75, 77 (2d Cir. 2003). | The Third Circuit has recognized that "a layperson, however intelligent, is typically no match for a skilled attorney in a legal arena where years of training and experience make for enormous disparities in knowledge and skill." [case citation] (cited approvingly by courts in the Third Circuit). | Quote not found.<br><br>Cited only one time from courts in the Third Circuit for the proposition that arbitration awards may be affirmed even where the arbitrator committed a harmless error of law. *Couns. Corp. v. Wasserson*, No. CIV.A. 04-3852, 2010 WL 1374132, at *7 (E.D. Pa. Mar. 31, 2010). |
| *Huertas v. City of Philadelphia*, No. CIV.A.02-7955, 2005 WL 226149, at *1 | "the deposition of a party is one of the most difficult aspects of litigation for pro se litigants to navigate" | Quote not found. |

4

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| (E.D. Pa. Jan. 26, 2005), *aff'd,* 139 F. App'x 444 (3d Cir. 2005) | | |
| *Nationwide Ins. Co. of Columbus, Ohio v. Vadiveloo*, No. CIV.A. 14-187-SLR, 2015 WL 1004344, at *2 (D. Del. Mar. 5, 2015) | (acknowledging that resolving preliminary matters before proceeding with discovery can promote efficiency) | Case not found.<br><br>Citation leads to: *Core v. Citibank (S. Dakota), N.A.*, No. 11-13-00040-CV, 2015 WL 1004344 (Tex. App. Feb. 27, 2015) |
| *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D. Del. 2007) | Acknowledging the court's "inherent power to manage its docket" including the discretion to stay discovery | Wrong court cited:<br><br>*Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453 (D.N.J. 2007). |
| *Ethypharm S.A. France v. Abbott Lab'ys*, 748 F. Supp. 2d 354 (D. Del. 2010) | In the Third Circuit, courts consider the following factors when determining whether to stay discovery: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." [case cite] (quoting St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp., No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)). | Quote not found.<br><br>Case does not cite *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.* |
| *St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003)) | See above | Quote not found. |
| *Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002) | (noting the "inherent difficulty that a pro se plaintiff, especially an incarcerated one, faces in meeting the technical requirements of the discovery rules") | Quote not found. |

5

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| *DiPaolo v. Moran*, 407 F.3d 140 (3d Cir. 2005) | The Third Circuit has acknowledged that "courts have a special obligation to construe pro se litigants' pleadings liberally" | Quote not found. |
| *Jaguar Sport-Line Corp. v. Telatar Distrib. Inc.*, 42 F.R.D. 676 (D. Del. 1967) | (granting additional time to secure counsel and prepare for litigation) | Case not found:<br><br>Citation leads to:<br>*Meter for & on Behalf of N. L. R. B. v. Minnesota Min. & Mfg. Co.*, 42 F.R.D. 663 (D. Minn. 1967) |
| DI 48: Plaintiff's Motion for Emergency Hearing on Pending Motions | | |
| *Commodity Futures Trading Comm'n v. Copple*, 850 F.2d 1485, 1488 (11th Cir. 1988) | Recognizing the court's "inherent power to control its docket" | Case not found.<br><br>Citation leads to:<br>*A.A. Profiles, Inc. v. City of Ft. Lauderdale*, 850 F.2d 1483, 1485 (11th Cir. 1988). |
| *ST Eng'g Halter Marine, Inc. v. Bayonne 14th St. Realty, L.L.C.*, No. 14-252-RGA, 2014 WL 2218636, at *2 (D. Del. May 28, 2014) | (granting expedited proceedings where delay would result in potential prejudice) | Case not found. |
| *MicroStrategy Inc. v. Acacia Research Corp.*, No. CV 17-1147-RGA, 2018 WL 1756665, at *2 (D. Del. Apr. 12, 2018). | In determining whether to expedite proceedings, courts consider: "(1) whether the plaintiff will suffer irreparable harm without expedited proceedings; (2) whether the plaintiff has a likelihood of success on the merits; (3) whether the burden on the defendants and the court from granting expedited proceedings is justified; and (4) the public interest." | Case not found. |
| *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993) | the Third Circuit noted that "a layperson will ordinarily not be able to recognize when a legal point is potentially helpful or harmful to his cause." | Quote not found. |
| *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005 | (acknowledging that "courts have a special obligation to construe pro se litigants' pleadings Liberally") | Quote not found. |

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D. Del. 2007) | The District of Delaware has previously granted stays of discovery under circumstances similar to those present here.<br><br>(granting stay of discovery where it served the interests of judicial economy). | Incorrect holding. The court held that depositions would *not* be stayed.<br><br>Wrong court cited: *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453 (D.N.J. 2007) |
| *Ethypharm S.A. France v. Abbott Labs.*, 748 F. Supp. 2d 354, 359 (D. Del. 2010) | As noted in [case] courts must balance the competing interests of the parties when considering motions that affect the discovery process. | Proposition not found. |
| DI 50: Motion for Post-Deposition Protective Order | | |
| *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994) | The Third Circuit has held that protective orders may be issued at any stage of litigation, including after discovery has occurred. [case] (noting that "it is appropriate for courts to exercise their authority under Rule 26(c) to limit the use of information obtained through discovery"). | Quote not found. |
| *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). | Furthermore, the Third Circuit has recognized that courts have "broad discretion to manage discovery in a manner that will promote expeditious resolution of litigation." | Quote not found. |
| *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) | Courts in the Third Circuit have recognized that protective orders are appropriate when a party faces significant disadvantages during the discovery process. [case] (finding that courts should consider "the relative hardship to the non-moving party should the protective order be granted"). | Quote not found. |
| *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013) - | Courts in the Third Circuit have also recognized the need for accommodating pro se litigants reflecting a commitment to fairness in the judicial process. [case] The court acknowledged that pro se litigants may require additional guidance from the court. | Quote not found. |
| *Cipollone v. Liggett Group, Inc.*, 785 F.2d | The Third Circuit explained that Rule 26(c) "emphasizes the complete control that a | Quotes not found. |

7

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| 1108, 1121 (3d Cir. 1986), | court has over the discovery process." This control extends to limiting how discovery materials may be used, particularly when obtained under potentially unfair circumstances 'to prevent misuse or harm to the parties involved.' | |
| *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 560 (S.D.N.Y. 1994) | (noting courts must be vigilant against discovery tactics that leverage employer-employee relationships to gain unfair advantage). | Proposition not found. |
| *Faragiano v. ARINC Inc*., 2021 WL 3033618 (D. Md. July 19, 2021) | (imposing limitations on deposition conduct where dual-role attorneys create risk of intimidation). | Case not found.<br><br>Citation leads to: *Lee v. Chojecki*, 2021 WL 3033618 (Pa. Ct. C.P. Feb. 24, 2021) |
| *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). | The Third Circuit has emphasized that courts should be particularly attentive to protecting pro se litigants from discovery abuses. | Proposition not found. |
| *Kannaday v. Ball*, 631 F.2d 319, 321 (3d Cir. 1980) | The Third Circuit emphasized that courts should be "sensitive to the problems faced by pro se litigants and...make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights." | Case not found.<br><br>Citation leads to: <u>*Am. Thread Co. v. N.L.R.B.*</u>, 631 F.2d 316 (4th Cir. 1980) |
| DI 51 Motion for Reconsideration and Relief from Deposition Proceedings | | |
| *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) | "The Third Circuit recognizes that district courts have broad discretion to manage discovery and protect parties from undue burden and potential prejudice. | Quote not found. |
| *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986) | (emphasizing that Rule 26(c) 'emphasizes the complete control that a court has over the discovery process'). | Quote not found. |
| *Moore v. Firstenergy Generation Corp*., No. 14-1452, 2016 U.S. Dist. LEXIS 70422, at *8-9 (W.D. Pa. May 31, 2016) | the court recognized that a pro se plaintiffs difficulty in conducting discovery without legal representation constituted "good cause" for extension of discovery deadlines. | Case not found. |
| *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990) | Defendant(s) mischaracterization of these rules to an unrepresented litigant constitutes the type of "unfair advantage" that courts | Quote not found. |

8

| Case Cited | Content of Plaintiff's Filing | Analysis |
|---|---|---|
| | have condemned. [case] (noting that "the purpose of our discovery rules is to ensure that 'civil trials in the federal courts no longer need be carried on in the dark"). | |
| *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) | [T]he court recognized that the pendency of motions that could affect discovery obligations constitutes good cause for delaying those obligations. | Proposition not found. |