IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAUDE THOMAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>DELAWARE TECHNICAL AND<br>COMMUNITY COLLEGE; JODY<br>HUBER, individually and in her<br>official capacity as Department<br>Chair at Delaware Technical and<br>Community College; ELIZABETH<br>O. GROLLER, in her official<br>capacity as Director of Title IX and<br>Civil Rights Compliance at<br>Delaware Technical and<br>Community College,<br><br>                    Defendants. | Civil Action No. 24-762-CFC |

Claude Thomas, Bear, Delaware, *Pro Se*

Lauren Elizabeth Moak Russell and Elizabeth Schlecker, POTTER ANDERSON
& CORROON LLP, Wilmington, Delaware

    *Counsel for Defendants*

**MEMORANDUM OPINION**

September 29, 2025
Wilmington, Delaware

_Colm F. Connolly_
COLM F. CONNOLLY
CHIEF JUDGE

This case arises out of *pro se* Plaintiff Claude Thomas's employment as an instructor at the Stanton Campus of Defendant Delaware Technical and Community College (Del Tech). Thomas alleges in the operative First Amended Complaint (the Complaint) that Del Tech and Defendants Jody Huber (individually and in her official capacity as Chair of Del Tech's Stanton Criminal Justice Department), and Elizabeth O. Groller (in her official capacity as Del Tech's Director of Title IX) discriminated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, and 42 U.S.C. § 1983. D.I. 13. Pending before me is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) certain of the claims alleged in the Complaint. D.I. 16.

I.

According to the allegations in the Complaint, which I must accept as true and construe liberally in Thomas's favor for the purpose of deciding the pending motion, Thomas began working as an instructor in Del Tech's Stanton's Criminal Justice Department in August 2017. D.I. 13 ¶¶ 3, 10. In September 2021, Huber became Chair of Stanton's Criminal Justice Department.

Thomas alleges that Huber discriminated against and harassed him on account of his status as a black male. D.I. 13 ¶¶ 22, 24, 31. Specifically, Thomas alleges that Huber neglected to include him in meetings, "set arbitrary and unfair timeframes and deadlines," "refused to communicate directly" with him, and spread "negative and false information" about him. D.I. 13 ¶¶ 26, 31, 32. Thomas claims that Huber's conduct left him no choice but to request a transfer to Stanton's Social Sciences Department. D.I. 13 ¶¶ 45–49.

Thomas further alleges that Huber retaliated against him for participating in a student's discrimination complaint against her. D.I. 13 ¶¶ 88–89. Thomas says that "Huber fabricated and filed a completely meritless and bogus 'gender discrimination' claim against [him] as retaliation for Defendant Huber's mistaken belief that [he] engineered the student's complaint against Defendant Huber." D.I. 13 ¶ 89.

Thomas also alleges that Groller "has utilized her role as the Title IX Coordinator for Defendant [Del] Tech to engage in discriminatory and retaliatory actions." D.I. 13 ¶ 104. He alleges specifically that Groller directed Huber to file a gender discrimination complaint against him "to dissuade" him from filing complaints against Huber and others in the future, D.I. 13 ¶ 106, 109, and that Groller "deliberately neglected to address" his complaints, D.I. 13 ¶ 107.

2

Finally, it appears that Thomas seeks to hold Del Tech directly and vicariously liable for its alleged failure to act and implicit approval of Huber and Groller's conduct. *See, e.g.,* D.I. 13 ¶ 45.

Thomas seeks by his Complaint compensatory and punitive damages, in addition to various forms of injunctive relief. D.I. 13 at 22.

II.

"A district court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." *Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007) (internal quotation marks and citation omitted). To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Because Thomas proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007).

## III.

Defendants argue first, and I agree, that Thomas's Title VII claims against Huber and Groller should be dismissed. D.I. 16 ¶¶ 12, 13. "Title VII does not permit individual liability as to decision-makers." D.I. 16 ¶ 12. "Congress did not intend to hold individual employees liable under Title VII." *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc). "The only proper defendant in a Title VII case is the employer." *Banner v. Dep't of Health & Soc. Servs. Div. for the Visually Impaired*, 2016 WL 922058, at *5 (D. Del. Mar. 10, 2016). Accordingly, I will dismiss the Title VII claims against Huber and Groller.

Defendants also argue, and I agree, that Thomas's claim for punitive damages under Title VII against Del Tech should be dismissed. D.I. 16 ¶ 16. Title

4

VII provides in relevant part that a plaintiff who proves certain intentional discrimination "may recover punitive damages under this section against a respondent (*other than* a government, government agency or political subdivision)." 42 U.S.C. § 1981a(b)(1) (emphasis added). Del Tech is a state agency. *See* 14 Del. C. § 9102 (stating that the Del Tech Board is a state agency). Thus, Thomas cannot recover punitive damages against Del Tech as a matter of law. Accordingly, I will dismiss the claim for punitive damages under Title VII against Del Tech.

I also agree with Defendants that Thomas's § 1983 claims against Del Tech fail as a matter of law. D.I. 16 ¶ 16. Section 1983 makes "[e]very person" liable who "under color of any [state] statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Del Tech, however, is a state agency, 14 Del. C. § 9102, and "a State is not a person within the meaning of § 1983," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Accordingly, I will dismiss the § 1983 claims against Del Tech.

Finally, Defendants seek the dismissal Thomas's § 1983 claims against Huber and Groller in their official capacities. D.I. 16 ¶ 17. Defendants are correct

that Thomas's claims for damages against Huber and Groller in their official capacities fail as a matter of law. In *Will*, the Supreme Court held that a suit against a state official in her official capacity for money damages "is no different from a suit against the State itself." 491 U.S. at 71. In those circumstances, the state officer is not a "person" within the meaning of § 1983 either. *Id.* But the Court also made clear in *Will* that "a state official in his or her official capacity, *when sued for injunctive relief*, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at n.10 (emphasis added) (internal quotation marks and citations omitted). And in this case, Thomas seeks forms of injunctive relief from all Defendants. D.I. 13 at 22. Accordingly, I will dismiss the § 1983 claims for damages against Huber and Groller in their official capacities but allow the § 1983 claims against them for injunctive relief to go forward.

## IV.

For the reasons discussed above, I will grant in part and deny in part Defendants' motion to dismiss.

The Court will issue an Order consistent with this Memorandum.

6