IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLAUDE THOMAS,

               Plaintiff,

        v.

DELAWARE TECHNICAL AND
COMMUNITY COLLEGE; JODY
HUBER, individually and in her
official capacity as Department
Chair at Delaware Technical and
Community College; ELIZABETH
O. GROLLER, in her official
capacity as Director of Title IX and
Civil Rights Compliance at
Delaware Technical and
Community College,

               Defendants.

Civil Action No. 24-762-CFC

## ORDER

Pending before me is a pleading filed by Plaintiff Claude Thomas titled

"Objections to Defendants' Interrogatories and Motion for Protective Order."

D.I. 23. I will treat the pleading as a motion for a protective order and grant it in

part and deny it in part.

Thomas seeks five forms of relief by the motion.

First, Thomas asks that I limit Defendants' Interrogatory 1 to nonprivileged

witnesses with direct knowledge. D.I. 23 at 5. I will grant this request.

Second, Thomas asks that I "[s]trike Interrogatories 2, 3, and 12 as seeking irrelevant information." D.I. 23 at 5. I will deny this request because each interrogatory in question seeks information relevant to the litigation of this matter. Interrogatory 2 seeks information about Thomas's involvement in prior litigation. D.I. 19 at 5. Interrogatory 3 asks Thomas to identify the individuals other than counsel with whom he has discussed the claims and allegations he has made in this case. D.I. 19 at 6. Interrogatory 12 asks Thomas to identify his prior arrests and criminal convictions. D.I. 19 at 10. Thus, the information sought bears directly on Thomas's claims, his credibility, and/or his knowledge and experience with litigation.

Third, Thomas asks that I "[l]imit Interrogatory 6 to medical providers consulted regarding claimed damages." D.I. 23 at 5. I will grant this request.

Fourth, Thomas asks that I "[l]imit Interrogatory 9 to current contact information." D.I. 23 at 5. Interrogatory 9 asks Thomas to identify his current home address and every home address and telephone number he has had during his employment with Del Tech. D.I. 19 at 9. Because Defendants do not explain in their response to the motion how the disclosure of Thomas's prior addresses and phone numbers could lead to the discovery of admissible evidence, *see* D.I. 31 at 7–9, I will grant this request.

2

Fifth, Thomas asks me to "[s]trike Interrogatory 10 as seeking protected student information." D.I. 23 at 5. I will deny this request. Defendants' Interrogatory 10 asks Thomas to "[i]dentify all students referenced [i]n [his] Complaint, including their home address and telephone number, if known" and to identify the paragraphs in the Complaint that "correspond with each student." D.I. 19 at 9. This interrogatory is, of course, wholly appropriate. Thomas says the interrogatory is objectionable because it seeks confidential student information protected under the Family Educational Rights and Privacy Act (FERPA) codified at 20 U.S.C. § 1232g. D.I. 23 at 3. This objection is, as Defendants say in their response, nonsensical. D.I. 31 at 15. Neither FERPA nor any other law, court case, or regulation prevents a litigant from disclosing the information sought by Defendants' interrogatory. Thomas made the decision to assert his claims in federal court, and he must abide by the rules of the Court and fulfill his obligation to disclose the identity of the individuals he refers to in his Complaint.

NOW THEREFORE, at Wilmington on this Thirtieth Day of September in 2025, it is HEREBY ORDERED that Plaintiff's Objections to Defendants' Interrogatories and Motion for Protective Order (D.I. 23) is GRANTED IN PART and DENIED IN PART.

_____
CHIEF JUDGE