IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLAUDE THOMAS,

Plaintiff,

v.

DELAWARE TECHNICAL AND
COMMUNITY COLLEGE; JODY
HUBER, individually and in her
official capacity as Department
Chair at Delaware Technical and
Community College; ELIZABETH
O. GROLLER, in her official
capacity as Director of Title IX and
Civil Rights Compliance at
Delaware Technical and
Community College,

Defendants.

Civil Action No. 24-762-CFC

## ORDER

Pending before me is a pleading filed by Plaintiff Claude Thomas titled

"Objections to Defendants' Document Requests and Motion for Protective Order."

D.I. 24. I will treat the pleading as a motion for a protective order. Thomas seeks

five forms of relief by the motion.

First, Thomas asks for an order "[l]imiting document production to the

period [specify dates]." D.I. 24 at 5 (brackets in the original). I will deny this

request. Defendants' document requests are neither overly broad nor unduly

burdensome, and they are proportionate to the scope (and ambiguity) of Thomas's claims. Three of the requests (Nos. 23–25) have appropriate date limitations (i.e., 2019 to the present). D.I. 20 at 13–14. The remaining requests are appropriately limited by subject matter—for example, "relating to the allegations in the Charge or the Complaint," D.I. 20 at 8—and therefore need no date restrictions.

Second, Thomas asks for an order "[p]rotecting privileged medical and personal information." D.I. 24 at 5. I will deny this request. Thomas's allegations and accusations of race-based discrimination and mistreatment—which are disputed by Defendants—put his personal information at issue; his claims for damages alleged to be caused by pain, suffering, and emotional distress put his medical history at issue. None of Defendants' document requests is overly broad or imposes an undue burden on Thomas. All the requests are proportionate to the scope of Thomas's claims.

Third, Thomas asks for a protective order that "[e]xclud[es] prior employment matters." I will deny this request. Defendants' Request No. 14 asks Thomas to produce "[a]ll documents in [his] possession, custody, or control related to any administrative charge or litigation [he] ha[s] ever filed against any employer other than Delaware Tech." D.I. 20 at 11. This request is wholly appropriate. Defendants deny Thomas's allegations of race-based discrimination and

2

mistreatment.  *See* D.I. 15 ¶ 11.  If Thomas has a history of falsely accusing others of discrimination, that would be relevant to his credibility and this case.

Fourth, Thomas asks that I limit the scope of financial records he must produce to "documentation of claimed damages."  D.I. 24 at 5.  I will deny this request.  Defendants' requests for financial records (Request Nos. 16, 17, 20, 23– 25, and 27) are neither overly broad nor unduly burdensome, and they are proportionate to the scope of Thomas's claims.

Finally, Thomas requests that I enter an order "[p]rotecting work product materials" from being produced.  D.I. 24 at 5.  Thomas, however, is proceeding *pro se* and has represented on numerous occasions to the Court that he does not have and has not been able to obtain counsel.  In addition, he has not identified any document that he alleges reveals his trial strategy or his mental impressions or opinions about the litigation of this matter.  Accordingly, I will deny this request.

NOW THEREFORE, at Wilmington on this Thirtieth Day of September in 2025, it is HEREBY ORDERED that Plaintiff's Objections to Defendants' Document Requests and Motion for Protective Order (D.I. 24) is DENIED.

CHIEF JUDGE

3