IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLAUDE THOMAS,

               Plaintiff,

        v.

DELAWARE TECHNICAL AND
COMMUNITY COLLEGE; JODY
HUBER, individually and in her
official capacity as Department
Chair at Delaware Technical and
Community College; ELIZABETH
O. GROLLER, in her official
capacity as Director of Title IX and
Civil Rights Compliance at
Delaware Technical and Community
College,

               Defendants.

Civil Action No. 24-762-CFC

## ORDER

Pending before me are two motions filed by Defendants Delaware Technical and Community College, Jody Huber, and Elizabeth O. Groller.

First, in Defendants' Motion for Sanctions Under Rule 11 (D.I. 65), Defendants request that I deny several of pro se Plaintiff Claude Thomas's motions they identify as inappropriately relying on artificial intelligence (AI) and award

them the costs and fees incurred in preparing responses to those motions, in addition to the instant motion. D.I. 65 at 1, 11.

I will deny this motion as moot insofar as it requests that I deny Thomas's motions because I have already ruled on Thomas's motions and denied all but one of them. *See* D.I. 93; D.I. 99; D.I. 101; D.I. 104; D.I. 105.

Insofar as Defendants' motion seeks costs and fees incurred in responding to Thomas's motions, it presents a close call. Thomas's status as a pro se litigant does not immunize him from Rule 11 sanctions. *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015). And I am very concerned about Thomas's unverified use of AI. Several of the cases Thomas cites and passages he purports to quote in his filings do not exist. *See, e.g.*, D.I. 65-1 at 2, 3, 5–6. But I think Defendants' motion is premature at this juncture, so I will deny the motion for costs and fees without prejudice to renew once the merits of the case have been resolved and I may consider the totality of Thomas's conduct in litigating the case.

Second, in Defendants' Motion for Sanctions and to Strike Plaintiff's Amended Motion for Reconsideration and Relief from Deposition Proceedings (D.I. 71), Defendants request that I strike Thomas's amended motion (D.I. 58) and bar Thomas from filing future motions absent the Court's consent. D.I. 71 at 8. Defendants argue that the amended motion "amounts to bad-faith, vexatious litigation." D.I. 71 at 3.

2

I have already denied Defendants' motion insofar as it requests that I strike Thomas's amended motion. *See* D.I. 104. And while there is no doubt that Thomas is extremely litigious, I will not bar Thomas from making future filings right now. That said, given the number (forty-nine to date), tone, and content of Thomas's filings, Defendants raise legitimate concerns. Accordingly, going forward, I will not require Defendants to respond to any future filings by Thomas unless and until I order a response.

NOW THEREFORE, at Wilmington on this Sixth day of November in 2025, it is HEREBY ORDERED that:

1. Defendants' Motion for Sanctions Under Rule 11 (D.I. 65) is DENIED IN PART AS MOOT and DENIED IN PART WITHOUT PREJUDICE TO RENEW;

   a. It is DENIED AS MOOT insofar as it seeks an order denying D.I. 38; D.I. 39; D.I. 47; D.I. 48; D.I. 50; D.I. 51; and

   b. It is DENIED WITHOUT PREJUDICE TO RENEW insofar as it seeks an award of costs and fees;

2. Defendants' Motion for Sanctions and to Strike Plaintiff's Amended Motion for Reconsideration and Relief from Deposition Proceedings (D.I. 71) is DENIED; and

3

3.  Defendants need not respond to any future filings by Plaintiff unless and until the Court orders a response.

_____
CHIEF JUDGE

4