## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLAUDE THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 24-762-CFC |
| | ) | |
| DELAWARE TECHNICAL AND | ) | |
| COMMUNITY COLLEGE, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' RENEWED REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**POTTER ANDERSON & CORROON LLP**

Lauren E.M. Russell (No. 5366)
Elizabeth S. Dean (No. 6913)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
Email:  lrussell@potteranderson.com
      edean@potteranderson.com

*Attorneys for Defendants*

Dated:  March 31, 2026

# TABLE OF CONTENTS

Page

LEGAL ARGUMENT.....................................................................................................1

I.   Defendants' Are Entitled to Judgment as a Matter of Law Because There Is No Genuine Dispute of Material Fact ...........................................................1

II.   Plaintiff Has Waived a Majority of His Remaining Claims...........................1

    A.   Plaintiff Has Not Addressed the Procedural Defects Identified by Defendants' Motion................................................................................2

        1.   Certain Title VII Claims Have Not Been Administratively Exhausted..............................................................................3

        2.   Most of Plaintiff's Title VII Claims Are Time-Barred .........3

        3.   Plaintiff's Section 1983 Claims Are Largely Untimely ........3

    B.   Plaintiff Has Waived All Claims of Sex Discrimination .....................3

III.   Plaintiff Cannot Establish Claims of Disparate Treatment, Harassment, or Retaliation under Title VII or Section 1983 .......................................................4

    A.   Plaintiff Cannot Establish a *Prima Facie* Claim for Disparate Treatment on the Basis of Race..........................................................4

    B.   Plaintiff Has Not Established a *Prima Facie* Claim for Retaliation.....6

    C.   Plaintiff Cannot Establish a *Prima Facie* Claim of Harassment ..........8

    D.   Plaintiff Cannot Rebut Defendants' Legitimate Business Reasons for Their Conduct...................................................................................8

IV.   Plaintiff Should Be Barred from Recovering Damages for Emotional Distress.............................................................................................................9

CONCLUSION.............................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cain v. Wellspan Health*,
419 Fed. App'x 213 (3d Cir. 2011) ....................................................................7

*Crawford v. Metropolitan Government of Nashville & Davidson Counties, Tennessee*,
555 U.S. 271 (2009)............................................................................................6

*Fuentes v. Perskie*,
32 F.3d 759 (3d Cir. 1994) .................................................................................8

*Greene v. Virgin Islands Water & Power Auth.*,
557 Fed. App'x 189 (3d Cir. 2014) ....................................................................5

*Hanani v. N.J. Dep't of Env't Prot.*,
205 F. App'x 71 (3d Cir. 2006) ..........................................................................6

*Lamb-Bowman v. Del. State Univ.*,
152 F. Supp. 2d 553 (D. Del. 2001), aff'd, 39 F. App'x 748 (3d Cir. 2002) .......4

*Orsatti v. N.J. State Police*,
71 F.3d 480 (3d Cir. 1995) .................................................................................1

*Peters v. Ryan*,
C.A. No. 16-01332-RGA, 2017 WL 1393692 (D. Del. Apr. 13, 2017)...............2

*Podobnik v. U.S. Postal Serv.*,
409 F.3d 584 (3d Cir. 2005) ...............................................................................1

*Shelton v. Univ. of Med. & Dentistry of N.J.*,
223 F.3d 220 (3d Cir. 2000) ...............................................................................5

*Smith v. City of Allentown*,
589 F.3d 684 (3d Cir. 2009) ...............................................................................5

*Tarr v. FedEx Ground*,
398 Fed. App'x 815 (3d Cir. 2010) .....................................................................5

**OTHER AUTHORITIES**

FED. R. CIV. P. 6(b)(1)(B) ...................................................................................10

FED. R. CIV. P. 56(a)..............................................................................................1

## LEGAL ARGUMENT

### I.   Defendants' Are Entitled to Judgment as a Matter of Law Because There Is No Genuine Dispute of Material Fact

To defeat Defendants' Motion,[1] Plaintiff must "present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" for trial.  *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005). Instead, Plaintiff must "point to concrete evidence in the record that supports each and every essential element in his case."  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995).   Because bare assertions, gossip, and unsupported speculations are all Plaintiff offers, summary judgment should be granted in Defendants' favor.  Fed. R. Civ. P. 56(a).

### II.   Plaintiff Has Waived a Majority of His Remaining Claims

On November 4, 2025, the Court entered an order reopening discovery and allowing Plaintiff to "file a renewed response to Defendants' Motion for Summary Judgment."   (D.I. 99.)   On March 4, 2026, Plaintiff timely filed "Plaintiff's Opposition to Defendants' Motion for Summary Judgment."   (D.I. 127, the "Opposition.")  Plaintiff, in the Opposition, narrowed his claims to the following: "(1) Title VII discrimination and retaliation against DTCC for compensatory

---

[1]   All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in Defendants' Opening Brief in Support of Their Motion for Summary Judgment (D.I. 67) ("Defendants' Motion.")

damages and injunctive relief; and (2) § 1983 claims for prospective injunctive relief against Huber and Groller in their official capacities."  (D.I. 127, at 5 & 11.)

It is apparent from the length and title of his brief that Plaintiff's Opposition is intended to supersede his prior answering brief. (D.I. 127.)  Because Plaintiff does not address numerous claims in his Opposition and fails to address the procedural deficiencies raised in Defendants' Motion, these arguments should be deemed waived.  Further, because the Opposition fails to identify any material disputed facts that would permit a reasonable fact finder to rule in Plaintiff's favor,[2] summary judgment is appropriate.

## A.    Plaintiff Has Not Addressed the Procedural Defects Identified by Defendants' Motion

Because the Opposition fails to address any of the procedural defects raised by the Motion, Plaintiff has waived any argument to the contrary.  *See Peters v. Ryan*, C.A. No. 16-01332-RGA, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant.") (D.I. 67, at 8-11.)

---

[2]   Additionally, Plaintiff has failed to file a counterstatement of facts in the Opposition. Therefore, Defendants' concise statement of facts should be considered admitted.  (D.I. 68.)

2

### 1.    Certain Title VII Claims Have Not Been Administratively Exhausted

In the Opposition, Plaintiff failed to address Defendants' position that his Title VII allegations against Groller were not within the scope of the Charge, that sexual harassment and discrimination claims were not within the scope of the Charge, and that he had never amended the Charge to include such allegations.  (D.I. 67, at 9.)

### 2.    Most of Plaintiff's Title VII Claims Are Time-Barred

Plaintiff also does not, and cannot, rebut the fact that his Charge was filed more than 300 days after the conduct prompting his Title VII claims.  (D.I. 67, at 9-10.)  Plaintiff neither asserts a continuing violation theory nor does he allege *any* discrete acts relating to any ongoing harassment by Huber sufficient to satisfy the continuing-violation doctrine.

### 3.    Plaintiff's Section 1983 Claims Are Largely Untimely

Finally, Plaintiff does not contest the expiration of the statute of limitations period related to his Section 1983 claims.  (D.I. 76, at 9.)

### B.    Plaintiff Has Waived All Claims of Sex Discrimination

In addition to failing to address numerous procedural arguments, Plaintiff's Opposition does not address his claim of sex discrimination.  Indeed, the Opposition fails to mention "sex" even once.  Because Plaintiff does not address any of Defendants' arguments on these procedural issues and fails to advance any argument related to sex discrimination, summary judgment should be entered on these issues.

3

### III.    Plaintiff Cannot Establish Claims of Disparate Treatment, Harassment, or Retaliation under Title VII or Section 1983

The Court, in ruling on Plaintiff's request to appoint counsel, outlined gaps in the merits of Plaintiff's case, effectively providing Plaintiff with a roadmap for discovery and summary judgment. (D.I. 100.)  Because Plaintiff's Opposition has not addressed any of these deficiencies, summary judgment should be granted.

### A.    Plaintiff Cannot Establish a *Prima Facie* Claim for Disparate Treatment on the Basis of Race

Plaintiff failed to establish that he has suffered any adverse employment action on the basis of race.  "[E]xclusion from meetings, arbitrary deadlines, or Title IX complaints, by themselves, bear no resemblance to the kinds of adverse employment actions courts have recognized for discrimination claims . . . ." (D.I. 100, at 5.)  The Court also declined to recognize "constructive transfer" as an adverse employment action.  (*Id.*)

Plaintiff's Opposition focuses on Groller's Title IX decision and "DTCC's attempt to characterize Plaintiff as the wrongdoer" in those proceedings.  (D.I. 126, at 17.)  However, Plaintiff ignores the case law cited by Defendants for the proposition that conduct occurring pursuant to Title IX is not actionable under Title VII.  *Lamb-Bowman v. Del. State Univ.*, 152 F. Supp. 2d 553, 560 (D. Del. 2001), *aff'd*, 39 F. App'x 748 (3d Cir. 2002).  And even if it were, the good-faith conduct of an internal investigation, where *Plaintiff was cleared of any wrongdoing*, is not

4

an adverse employment action. *See Tarr v. FedEx Ground*, 398 Fed. App'x 815, 821 (3d Cir. 2010) (holding that an employer's internal investigation of an inconsistency in an employee's job application was not an adverse employment action, where the discrepancy was resolved, and the investigation was closed with no further action taken).

While Plaintiff's Opposition details the accusations of others,[3] such claims are insufficient to meet Plaintiff's *prima facie* burden.

---

[3]  Plaintiff has produced numerous declarations in this case to purportedly support his claims of harassment and discrimination.  (D.I. 90, 91, 117, 119, 120.)  As a threshold matter, these declarations are inadmissible hearsay.  Hearsay statements that would be inadmissible at trial may not be considered for the purposes of summary judgment.  *See Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009) (refusing to consider hearsay statements for purposes of summary judgment); *Greene v. Virgin Islands Water & Power Auth.*, 557 Fed. App'x 189, 199 (3d Cir. 2014) (approving the trial court's treatment of testimony regarding gossip and rumors about Plaintiff's potential termination as inadmissible hearsay for summary judgment purposes); *Shelton v. Univ. of Med. & Dentistry of N.J.,* 223 F.3d 220, 223 at n.2 (3d Cir. 2000) ("In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial.")  Plaintiff subpoenaed current and former students for deposition, none of whom appeared.  A declaration from a witness who failed to appear at a subpoenaed deposition should be disregarded as inadmissible hearsay, because there is no basis to conclude that Plaintiff could successfully compel their attendance and testimony at trial.  Rumor and conjecture about the workplace are not enough to show that an employer acted in retaliation.

Even if such evidence were admissible on summary judgment, it should be disregarded because none of the individuals identified is an employee of Del. Tech. Further, Plaintiff himself testified that comparators outside of his protected class were treated in a similar manner by Huber.  (D4:1-18; D5:13-20.)

**B.     Plaintiff Has Not Established a *Prima Facie* Claim for Retaliation**

Because Plaintiff has not engaged in protected activity under Title VII or Section 1983, he cannot establish the first element of a *prima facie* claim of retaliation. *Hanani v. N.J. Dep't of Env't Prot.*, 205 F. App'x 71, 80 (3d Cir. 2006).

To date, Plaintiff has failed to identify any conduct in which he engaged that constitutes protected activity under Title VII or Section 1983.  The case on which Plaintiff relies, *Crawford v. Metropolitan Government of Nashville & Davidson Counties, Tennessee*, 555 U.S. 271 (2009), is inapposite.  That decision stands for the proposition that protected activity includes statements made in an internal investigation.  It does *not* address Defendants' argument that participation in a Title IX investigation does not constitute protected activity under Title VII or Section 1983.

Plaintiff also has not alleged that he suffered an adverse employment action sufficient to state a *prima facie* case of retaliation.  (D.I. 100, at 5-6.)  Plaintiff claims that he suffered an adverse employment action when he was subjected to "a stigmatizing Title IX 'hostile work environment' accusation coupled with coercive process features, including compelled cooperation and personnel-file review without notice."  (D.I. 127, at 12.)  Plaintiff's allegations of a biased investigation and reputational harm "are far too general to support a meritorious claim of retaliation."  (D.I. 100, at 6.)  As the Court noted that "there is no evidence that either the Title IX

6

complaint against Plaintiff or the investigation into Plaintiff's own complaint was 'materially adverse' to [Plaintiff]." (*Id.*) Even accepting all of Plaintiff's allegations as true (D.I. 127, ¶ 6), Plaintiff has failed to show that Groller's Title IX decision *actually* impacted any term, condition, or privilege of his employment, nor that anyone (other than the parties and the witnesses Plaintiff himself has shown) has even *seen* the Title IX decision.

The only new evidence adduced by Plaintiff on this theory is the fact that former DTCC employee William Alexander was not interviewed in the course of the Title IX investigations into Plaintiff's allegations against Huber. (D.I. 127, at 8.) But Plaintiff is not entitled to dictate the nature of an investigation into his allegations. *See Cain v. Wellspan Health*, 419 Fed. App'x 213, 214 n.2 (3d Cir. 2011) (affirming summary judgment where an employee challenged investigation procedures but provided no evidence of comparatively disparate treatment in the investigatory process). And he has not identified any evidence to indicate that the investigation was conducted in anything but good faith. (*See* D.I. 127, ¶ 26 (detailing Alexander's *opinions*, but citing no *facts* or concrete observations related to Huber's oversight of Plaintiff.)) Plaintiff's retaliation claims must therefore fail.

### C.    Plaintiff Cannot Establish a *Prima Facie* Claim of Harassment

Plaintiff has waived any harassment claim under Title VII, and only pursues Section 1983 claims against the Individual Defendants in their official capacities. (D.I. 127 at 5, 11, 17.)

Further, the Court has already indicated that being excluded from meetings, being given "unreasonable deadlines," and muted greetings are not sufficiently severe or pervasive conduct to state a *prima facie* harassment claim.  (D.I. 100, at 6.)  Because Plaintiff advances no legal argument or evidence in support of his harassment claim, summary judgment should be granted.

### D.    Plaintiff Cannot Rebut Defendants' Legitimate Business Reasons for Their Conduct

Even if Plaintiff could establish a *prima facie* claim of disparate treatment, harassment, or retaliation—which he cannot—he cannot meet his burden to demonstrate that Defendants' legitimate, business reasons for their actions are pretextual.

To establish pretext, Plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

In support of his claim, Plaintiff asserts that any differences between the final Title IX investigation report issued by Groller and the investigation summary produced by Title IX Investigator George Collins are evidence of pretext. Plaintiff mischaracterizes the record. Plaintiff states "Collins testified he did not recall using the term 'hostile' in his report and did not know what Groller based her 'hostile' characterization on." (D.I. 127, at 6.) In fact, Collins testified: "I don't recall ever using the term hostile. She could have based that on email exhibits. I don't know what Dr. Groller based that on." (D12:1-4.) Reconcilable differences are not "inconsistencies, incoherencies, or contradictions" sufficient to find pretext.

Plaintiff next argues that an initial conversation between Groller and Huber—after Huber filed her Title IX complaint against Plaintiff—is evidence of pretext. (D.I. 127, at 14.) However, what Plaintiff describes appears to be a standard intake meeting that Groller testified she holds with all complainants. (D7:14-D8:8, D9:20-D10:5.)

In short, Plaintiff fails to identify any evidence in the record sufficient to meet his burden to demonstrate pretext. Summary judgment is therefore appropriate.

## IV. Plaintiff Should Be Barred from Recovering Damages for Emotional Distress

Plaintiff's only potential recovery is garden variety emotional distress. Plaintiff has not suffered any wage-related harm because he is still gainfully employed by DTCC as the same position title and at the same compensation level

9

he has always held.  (D2:17-19; D3:3-6.)  With respect to his claim for emotional distress damages, despite the reopening of discovery, Plaintiff has failed to produce a single medical record.  It has been more than a year since Defendants first asked for Plaintiff's medical providers to subpoena his medical records.  (D.I. 19.)  Due to Plaintiff's inexcusable delay, Plaintiff should be prevented from seeking any damages arising from alleged emotional distress.[4]

## CONCLUSION

Plaintiff has still not presented evidence sufficient to establish claims under Title VII or Section 1983.  Consequently, summary judgment should be entered in Defendants' favor.

**POTTER ANDERSON & CORROON LLP**

*/s/ Lauren E.M. Russell*

Lauren E.M. Russell (No. 5366)
Elizabeth S. Dean (No. 6913)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
Email:  lrussell@potteranderson.com
       edean@potteranderson.com

*Attorneys for Defendants*

Dated: March 31, 2026

---

[4] Defendants vehemently oppose any request to reopen discovery again.  Plaintiff has not plead or met his burden under Federal Rule of Civil Procedure 6(b)(1)(B).  Any such request should therefore be denied.