

D.J 132

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLAUDE THOMAS,

    Plaintiff,

    v.

DELAWARE TECHNICAL AND
COMMUNITY COLLEGE; JODY
HUBER, in her official capacity;
ELIZABETH O. GROLLER, in her
official capacity,

    Defendants.

**C.A. No. 24-762-CFC**

## PLAINTIFF'S EMERGENCY MOTION TO EXTEND THE STAY OF RESOLUTION

## OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND FOR LEAVE TO

## FILE A SUR-REPLY

Plaintiff Claude Thomas, proceeding pro se, respectfully moves this Court on an emergency

basis for: (1) a brief extension of the stay of resolution of Defendants' Motion for Summary

Judgment (D.I. 66), which is stayed through April 1, 2026 pursuant to the Court's November 4,

2025 Order (D.I. 99); and (2) leave to file a short, limited sur-reply addressing new arguments

and objections raised for the first time (or materially expanded) in Defendants' Renewed Reply

Brief (D.I. 130), filed March 31, 2026.

Plaintiff attaches as **Exhibit A** his proposed sur-reply. Exhibit A is limited solely to the new

matter raised in D.I. 130 and includes pinpoint citations to the relevant portions of D.I. 130 by

CM/ECF page and PageID.

Plaintiff requests that, if leave is granted, Exhibit A be deemed filed as of the date of the Court's Order.

## I. BACKGROUND AND PROCEDURAL POSTURE

On November 4, 2025, the Court entered an Order (D.I. 99) granting Plaintiff's motion to extend discovery, reopening discovery, and establishing a renewed summary-judgment schedule. D.I. 99 provides, in relevant part:

(a) Discovery was reopened and was to be completed by February 2, 2026.

(b) If Plaintiff elected to file a renewed response to Defendants' Motion for Summary Judgment (D.I. 66), he must do so no later than March 9, 2026.

(c) If Plaintiff filed a renewed response, Defendants may, if they wish, file a renewed reply brief in support of summary judgment no later than March 31, 2026.

(d) Resolution of the pending summary-judgment motion (D.I. 66) is **stayed until April 1, 2026**.

Plaintiff filed his renewed response within the schedule established by D.I. 99. (D.I. 127.) Defendants filed their Renewed Reply Brief on March 31, 2026 (D.I. 130), the last day permitted by D.I. 99.

The stay expires April 1, 2026 — one day after Defendants' filing. Plaintiff received D.I. 130 on March 31, 2026 and has had no meaningful opportunity to seek leave to respond to the reply-raised new matter before the stay lifts and the Court may proceed to resolution.

## II. GROUNDS FOR EMERGENCY RELIEF

**A. Defendants' Renewed Reply Injects New Matter That Warrants a Limited Sur-Reply**

Defendants' Renewed Reply advances new arguments and materially expands procedural and evidentiary objections beyond a conventional reply. These issues are concentrated in four places:

1. **Waiver/superseding-brief theory:** D.I. 130 at 5–6 (PageID 1964–1965).

2. **"Facts deemed admitted" argument (counterstatement):** D.I. 130 at 6 n.2 (PageID 1965).

3. **Global declaration/hearsay exclusion plus the added "nonappearance at deposition → disregard declaration" theory:** D.I. 130 at 9 n.3 (PageID 1968).

4. **Emotional distress damages "bar" request (plus Rule 6(b) footnote):** D.I. 130 at 14 & n.4 (PageID 1973).

Federal appellate practice disfavoring new issues raised for the first time in reply reflects the core fairness problem: the nonmovant lacks notice and a fair opportunity to respond. *See D.L. Resources, Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209 (3d Cir. 2007). Where new material is raised for the first time in a reply in support of summary judgment, the district court should either permit a response or refrain from relying on the new material in granting summary judgment. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159 (10th Cir. 1998).

Plaintiff's proposed sur-reply is narrowly limited to responding to the foregoing reply-raised new matter and does not seek to reargue the merits addressed in Plaintiff's renewed opposition (D.I. 127).

**B. D.I. 99's One-Day Window Between Defendants' Reply Deadline and the Stay Expiration Creates the Emergency**

D.I. 99 permitted Defendants to file their renewed reply on March 31, 2026, while the stay of resolution expires the next day, April 1, 2026. Without a brief extension of the stay, Plaintiff's request for leave to respond to new reply-raised matter is effectively rendered meaningless by the schedule's one-day gap.

Summary judgment is governed by the requirement that the moving party show entitlement to judgment as a matter of law on the record, and that a dispute is "genuine" if a reasonable jury could return a verdict for the nonmovant. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In these circumstances — where Defendants used the full time authorized by D.I. 99 to file a reply containing new matter the day before the stay expires — a modest extension is warranted to preserve an orderly and fair Rule 56 process.

## C. The Requested Extension Is Brief, Supports Orderly Docket Management, and Will Not Prejudice Defendants

Plaintiff requests only a **7-day extension** of the stay — from April 1, 2026 through **April 8, 2026** — and leave for the attached, limited sur-reply to be deemed filed. The Court has discretion to manage its docket to promote the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

To the extent the Court considers Rule 6(b) equitable factors in exercising its scheduling discretion, those factors favor the modest extension sought here, which is driven by the timing structure created by D.I. 99 and Defendants' last-day filing. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

Plaintiff appears pro se. Pro se filings are construed with reasonable procedural latitude. *Haines v. Kerner*, 404 U.S. 519 (1972).

**D. The Motion for Leave to File a Second Amended Complaint Remains Pending and Unopposed**

Plaintiff also notes for the Court's consideration that his Motion for Leave to File a Second Amended Complaint (D.I. 128, filed March 9, 2026) remains pending and, as of this filing, is unopposed — the response deadline under the Local Rules having passed on March 23, 2026 with no response filed. Resolution of the summary judgment motion before the Court addresses the SAC motion could create unnecessary complexity in the record. A brief extension of the stay would allow the Court to address both pending motions in a coordinated manner.

**E. Plaintiff Seeks Only Garden-Variety Emotional Distress Damages**

Defendants' renewed reply seeks to bar emotional distress damages. (D.I. 130 at 14, PageID 1973.) Plaintiff clarifies that he seeks only garden-variety emotional distress damages, which do not require medical documentation under governing Third Circuit law.

**III. RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Extend the stay** of resolution of Defendants' Motion for Summary Judgment (D.I. 66) through **April 8, 2026**;

2. **Grant Plaintiff leave** to file a sur-reply limited solely to addressing new arguments and objections raised in Defendants' Renewed Reply Brief (D.I. 130);

3. **Deem Plaintiff's proposed sur-reply** attached as Exhibit A filed as of the date of the

   Court's Order; and

4. Grant such other and further relief as the Court deems just and proper.


By:

Claude Thomas
P.O. Box 492
Bear, Delaware 19701
1-215-416-3446
drclaudethomas@gmail.com


Date: April 1, 2026